**AIMAN-SMITH & MARCY**
PROFESSIONAL CORPORATION

Randall B. Aiman-Smith #124599
Reed W.L. Marcy    #191531
Hallie Von Rock #233152
Carey A. James #269270
Brent A. Robinson #289373
7677 Oakport St. Suite 1150
Oakland, CA 94621
T 510.817.2711
F 510.562.6830
ras@asmlawyers.com
rwlm@asmlawyers.com
hvr@asmlawyers.com
caj@asmlawyers.com
bar@asmlawyers.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELY NAKOOKA and ELVA REYES, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DOLLAR TREE STORES, INC., and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **FAILURE TO INDEMNIFY BUSINESS EXPENSES (Labor Code § 2802)**<br><br>2. **FAILURE TO REIMBURSE FOR REQUIRED UNIFORMS (IWC Wage Order 7, § 9(A))**<br><br>3. **UNFAIR BUSINESS PRACTICES (Business and Professions Code § 17200, *et seq.*)**<br><br>4. **INJUNCTION (Business and Professions Code § 17200, *et seq.*)**<br><br>**<u>CLASS ACTION</u>**<br><br>**DEMAND FOR JURY TRIAL** |

**Class Action Complaint**
*Nakooka, et al. v. Dollar Tree Stores, Inc., et al.*　　　　　　　　　　Case No.

Lovely Nakooka and Elva Reyes ("Named Plaintiffs") are informed and believe and thereupon allege the following:

## I. INTRODUCTION

1. Named Plaintiffs bring these claims, individually and as a class action under Federal Rule of Civil Procedure 23, against defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant"). These claims are asserted by Named Plaintiffs in their capacity as class action representatives on behalf of all similarly situated persons (the "Class").

2. The Class consists of all individuals employed at any Dollar Tree store in California as a non-exempt employee at any time during the Class Period.

3. The Class Period is designated as the period from 4 years prior to the filing of this action through the trial date.

4. As used herein, "Plaintiffs" means Named Plaintiffs and all members of the Class.

5. Plaintiffs have been injured by Dollar Tree's failure to reimburse necessary business expenditures, and failure to pay for required work uniforms, as required by California law.

6. For these injuries, Plaintiffs seek damages and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code § 2802; IWC Wage Order No. 7, § 9(A); California Code of Civil Procedure § 1021.5; and California Business & Professions Code § 17200, *et seq*.

7. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

8. Defendant knowingly and intentionally engaged in the conduct complained of herein, and Defendant acted as alleged herein in willful and knowing violation of the law.

## II. PARTIES

9. Defendant Dollar Tree Stores, Inc. is a Virginia Corporation, registered to and conducting business in California. Dollar Tree operates retail stores throughout the United States, including approximately 360 stores in California.

10. Plaintiff Lovely Nakooka is a resident of San Rafael, California. Ms. Nakooka has been employed by Dollar Tree since approximately September 2016 through the present, and has worked as a non-exempt retail employee in Dollar Tree stores in Novato, Ignacio, and San Rafael, California.

11. Plaintiff Elva Reyes is a resident of Lindsay, California. Ms. Reyes worked as a non-exempt employee for Dollar Tree in Lindsay, California, from approximately 2011 until approximately February 2016.

12. Plaintiffs are ignorant of the true names or capacities of defendants named herein as Does 1 through 10, inclusive, and therefore sue these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiffs will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action under the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in the claims asserted herein will exceed $5,000,000, and the parties to this action are residents of different states.

14. This Court has personal jurisdiction over Dollar Tree because Dollar Tree has significant contacts with California by virtue of its extensive business operations in California, and has purposefully availed itself of the privileges and immunities of conducting business in California.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Dollar Tree is subject to this Court's personal jurisdiction with respect to this civil action and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2). Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(d) because Dollar Tree has sufficient contacts in this District to establish personal jurisdiction in this District.

/ / /

## IV. GENERAL ALLEGATIONS

16. During the Class Period, Dollar Tree has operated approximately 360 stores in California.

17. Throughout the Class Period, Dollar Tree has required, by company-wide policy, that its store employees, including Plaintiffs, wear only green shirts and black pants while working. Dollar Tree does not reimburse employees for the expense of obtaining these required clothing items. These clothing items are of a "distinctive design or color" and are not generally usable in the occupation, and therefore constitute a uniform under Wage Order 7, § 9(A). By failing to pay for these uniforms, Dollar Tree violates this provision of the wage order.

18. Further, because these clothing items are required as a condition of employment, they constitute necessary business expenses which must be reimbursed by Dollar Tree. By failing to reimburse Plaintiffs for these clothing items, Dollar Tree violates Labor Code § 2802, which provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

19. Dollar Tree's imposition of these unlawful costs on Plaintiffs, by which Dollar Tree shifts the costs of doing business to Plaintiffs, is particularly burdensome because employees must pay for these uniforms out of the low wages Dollar Tree pays its employees, usually minimum wage.

20. Dollar Tree's violations of Wage Order 7, § 9(A) and Labor Code § 2802 constitute unlawful, unfair, and fraudulent business practices under Business and Professions Code § 17200, *et seq.*, and Plaintiffs have been injured in fact, and have lost money or property as a result of Dollar Tree's unfair competition and unlawful practices.

## V. CLASS ACTION ALLEGATIONS

21. Named Plaintiffs bring this action on behalf of themselves and as a class action pursuant to Federal Rule of Civil Procedure 23.

22. The class that Named Plaintiffs seek to represent is defined as follows: All

1  individuals employed at any Dollar Tree store in California as a non-exempt employee at any time during the Class Period.

23. The claims alleged by Named Plaintiff may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23 because the requirements of that Rule are satisfied with respect to those claims.

### A.   Numerosity

24. The total number of members of the Class is believed to be in excess of 10,000 persons. Accordingly, joinder of all class members would be impractical.

### B.   Commonality

25. There are numerous questions of law and fact common to the Class. Such questions include, but are not limited to, the following:

(1) Whether Dollar Tree, as a matter of common policy, failed to indemnify Plaintiffs for job-related expenses, including required clothing;

(2) Whether the clothing required by Dollar Tree constitutes a uniform under California law;

(3) Whether Dollar Tree's actions as described herein constitute violations of California Business and Professions Code § 17200, *et seq.*;

(4) The proper formula for calculating damages and restitution owed to Plaintiffs;

(5) Whether Dollar Tree will, unless enjoined, continue the practices alleged herein; and

(6) The terms and conditions of the injunction to be issued against Dollar Tree.

### C.   Typicality

26. Names Plaintiffs' claims are typical of the claims of the Class. Named Plaintiffs and all members of the proposed Class are or were subjected to the same policies and procedures, and their claims arise out of Dollar Tree's common course of conduct and are based on the same legal and remedial theories.

### D. Adequacy of Representation

27. Named Plaintiffs will fairly and adequately protect the interests of the Class. Named Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. Named Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

### E. Propriety of Certification under FRCP 23(b)(3)

28. Questions of law and fact common to the Class, including the common question described above, predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this case as a class action. The identity of each member of the proposed Class can be established by uniform records maintained by Dollar Tree.

29. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Prosecution of this case as a class action will permit a large number of injured parties to pursue their common claims in a single forum, at the same time, which will promote efficiency, prevent duplication of evidence and efforts, and preserve judicial resources and the resources of the parties. A class action will avoid potentially inconsistent results in numerous individual trials or other judicial actions. Further, class treatment is the only realistic means by which Plaintiffs – almost all of whom are minimum wage employees without substantial resources – can effectively litigate against a large, well-represented corporate defendant like Dollar Tree. In the absence of a class action, Dollar Tree will be unjustly enriched by the retention of the fruits and benefits of its unlawful conduct. A multiplicity of repetitive individual actions would also place an enormous burden on the courts.

/ / /

**F.      Propriety of Certification under FRCP 23(b)(2)**

30.     Class certification is appropriate under FRCP 23(b)(2) because Dollar Tree has acted and/or refused to act, as alleged herein, on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to the Class as a whole. The Class members are entitled to injunctive relief to end Dollar Tree's common, uniform, and unfair policies and practices as described herein.

## VI.     CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Failure to Indemnify Business Expenses**
**(California Labor Code § 2802)**

31.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

32.     California Labor Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by the employee in performing his or her job.

33.     As alleged herein, Dollar Tree requires Plaintiffs to purchase supplies, including clothing of distinctive design or color, necessary to perform Plaintiffs' job duties.

34.     Such expenditures by Plaintiffs are incurred in direct consequence of the discharge of Plaintiffs' job duties.

35.     Dollar Tree does not reimburse Plaintiffs for these necessary expenditures.

36.     As a direct and proximate result of Dollar Tree's failure to reimburse Plaintiffs for these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

37.     Plaintiffs are therefore entitled to recover reimbursement for these necessary expenditures, and also, to recover costs, interest, and attorney's fees as provided by California law, including Labor Code § 2802(c).

**SECOND CAUSE OF ACTION**
**Failure to Provide Uniforms**
**(IWC Wage Order No. 7, § 9(A))**

38.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

39. IWC Wage Order 7, § 9(A) provides: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

40. As alleged herein, Dollar Tree requires Plaintiffs to wear clothing of a distinctive design and color, but fails to provide or reimburse Plaintiffs for these uniforms.

41. As a direct and proximate result of this conduct, Plaintiffs have been injured in an amount to be proved at trial.

42. Plaintiffs are therefore entitled to recover damages for these clothing expenditures, and also, to recover costs, interest, and attorney's fees as provided by California law.

## THIRD CAUSE OF ACTION
### Restitution - Unfair Business Practices
### (California Business & Professions Code § 17200, *et seq*.)

43. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

44. Each violation of California law by Dollar Tree as alleged herein constitutes a separate and distinct unfair and unlawful practice in violation of California Business & Professions Code § 17200, *et seq*.

45. As a direct and proximate result of Dollar Tree's conduct as alleged herein, Plaintiffs have been injured in fact and have lost money and property, and Dollar Tree has been enriched by the retention of funds for reimbursement that are the property of Plaintiffs.

46. Plaintiffs are entitled to restitution of all amounts which Dollar Tree was obligated to provide to Plaintiffs and which, through the unfair and unlawful practices alleged herein, Dollar Tree did not pay to Plaintiffs. The total of these amounts can be proved with common evidence.

47. Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's fees as provided by California law.

/ / /

**FOURTH CAUSE OF ACTION**
**Injunction**
**(California Business & Professions Code § 17200, *et seq*.)**

48. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

49. Each violation of California law by Dollar Tree as alleged herein constitutes a separate and distinct unlawful and unfair practice in violation of California Business & Professions Code § 17200, *et seq*.

50. Plaintiffs have been harmed by Dollar Tree's unlawful and unfair practices as alleged herein.

51. Dollar Tree continues to engage in the unlawful and unfair practices alleged herein through the present day.

52. Unless enjoined by this Court, Dollar Tree will continue to engage in the unlawful and unfair practices alleged herein.

53. Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that Dollar Tree permanently cease and desist from engaging in the unlawful and unfair practices alleged herein, and, further, that this Court make such orders as are necessary to monitor Dollar Tree's compliance with said injunction.

54. Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

**VII.   PRAYER FOR RELIEF**

Wherefore, Named Plaintiffs, on behalf of themselves and all Plaintiffs, pray for relief as follows:

1. That the Court certify this action as a class action on behalf of the Class pursuant to Federal Rule of Civil Procedure 23;

2. That the Court designate Named Plaintiffs as representatives of the Class;

3. That the Court appoint the law firm Aiman-Smith & Marcy as Class counsel;

4. That Dollar Tree be ordered to pay all amounts owed to the Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

5. That Dollar Tree, at its own expense, be ordered to provide full and adequate notice as required in class actions to all members of the Class;

6. That this action and the Class be further designated, respectively, as a representative action and representative class under California Business & Professions Code § 17200, *et seq.*;

7. That Dollar Tree be ordered to make full restitution of all amounts received and/or retained and/or not paid to Plaintiffs by Dollar Tree pursuant to the California Labor Code and California Business and Professions Code § 17200, *et seq.*;

8. That in addition to any constitutionally sufficient notice that is or might otherwise be required in a class action under California law, that Dollar Tree be ordered to pay for all necessary efforts to actually locate members of the representative class under Business and Professions Code § 17200, *et seq.*;

9. That this Court determine, and provide its declaratory judgment, that the practices complained of herein were done willfully, knowingly, and intentionally;

10. That this Court issue a temporary injunction, on terms the Court may deem appropriate and necessary, prohibiting Dollar Tree from engaging in the practices complained of herein pending trial of this action, and requiring Dollar Tree to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Dollar Tree to pay all costs associated with said monitoring said injunction;

11. That this Court issue a permanent injunction, on terms the Court may deem appropriate and necessary, prohibiting Dollar Tree from engaging in the practices complained of herein, requiring Dollar Tree to make appropriate reports to the Court or its appointed agent or expert regarding its compliance with said injunction, and requiring Dollar Tree to pay all costs associated with monitoring said injunction;

12. For attorney's fees as provided by statutory and common law;

13. For costs of suit incurred; and

14. For such other legal and equitable relief as the Court may deem just and proper.

1
2  Dated: July 13, 2017

AIMAN-SMITH & MARCY
A PROFESSIONAL CORPORATION

3
4
*Carey A. James*
_____

5
6  Carey A. James
Attorneys for Plaintiffs

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Named Plaintiffs, on behalf of themselves and the Class, hereby demand a jury on all causes of action and claims with respect to which Plaintiffs have a right to jury trial.

Dated: July 13, 2017



*Carey A. James*
_____
Carey A. James
Attorneys for Plaintiffs