UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELY NAKOOKA and ELVA REYES, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>DOLLAR TREE STORES, INC., and DOES 1-10, inclusive,<br><br>    Defendants. | No. 3:17-cv-03955-JD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT**<br><br>Date:   July 18, 2019<br>Time:   10:00 a.m.<br>Courtroom: 11<br>      450 Golden Gate Avenue, 19th Floor<br>      San Francisco, California  94102<br>Judge:  Hon. James Donato<br><br>Complaint Filed: July 13, 2017<br>FAC Filed:   July 12, 2018<br>Trial date:   April 6, 2020 |

On July 18, 2019, a hearing was held on the joint motion of plaintiffs Lovely Nakooka and Elva Reyes and defendant Dollar Tree Stores, Inc. ("Dollar Tree"), for final approval of their class settlement (the "Settlement").  Randall B. Aiman-Smith, Reed W.L. Marcy, Hallie Von Rock, Carey A. James, and Brent A. Robinson of Aiman-Smith & Marcy appeared for plaintiffs; and Jeffrey D. Wohl, Ryan D. Derry, and Paul A. Holton of Paul Hastings LLP appeared for Dollar Tree.

The parties have submitted their Settlement, which this Court preliminarily approved by its order entered on December 19, 2018.  In accordance with the Order Re Preliminary Approval, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Order Re Preliminary Approval and at the final approval hearing on July 18, 2019, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.      Pursuant to the Order Re Preliminary Approval, the Class Notice was sent to each Class Member by first-class mail.  The Class Notice directed the Class Members to PACER and the Settlement Administrator's website, where Class Members could review the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  Not one Class Member filed a written objection to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing; however, one Class Member filed a written objection to the Action itself.  The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

2.      In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official

in each state in which a Class Member resides have been given notice of the Settlement.  Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Dollar Tree served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  The Court finds and determines that Dollar Tree's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3.     In addition to the CAFA notice, pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699(l)(2), the State of California's Labor Workforce Development Agency ("LWDA") has been given notice of the Settlement.  Pursuant to PAGA, concurrent with the motion seeking preliminary approval of the Settlement being filed with the Court, Dollar Tree served upon the LWDA a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  The Court finds and determines that Dollar Tree's notice of the Settlement was timely, adequate, and compliant with the statutory requirements of PAGA. Accordingly, Cal. Lab. Code § 2699(l)(2) has no application to the Settlement.

4.     For the reasons stated in the Order Re Preliminary Approval, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Order Re Preliminary Approval, meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5.      The Court overrules the objection raised by the objecting Class Member.

6.      The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Order Re Preliminary Approval will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7.      The Court finds and determines that the Settlement Shares to be paid to the Class Members whose address was confirmed and who did not timely submit valid elections not to participate, as provided for by the Settlement, are fair and reasonable.  The Court hereby gives final approval to and orders that payment of those amounts be made to the Class Members who did not timely submit valid elections not to participate and whose addresses were confirmed out of the Net Settlement Amount in accordance with the Settlement.

8.      The Court finds and determines that the LWDA Payment is fair and reasonable.  The Court hereby gives final approval to and orders that payment.

9.      The Court finds and determines that the fees and expenses in administrating the Settlement, in the amount of $120,000, are fair and reasonable.  The Court hereby gives final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

10.     The Court finds and determines that the second distribution of uncashed Settlement Shares, pursuant to the terms below, is fair and reasonable, and orders that:

☐      any uncashed funds, so long as they exceed the estimated administration costs, shall be redistributed to all Class Members who cashed their first check; or

☐      a second distribution shall take place as long as the uncashed check percentage reaches ___%, in excess of the estimated administration costs for a second mailing of checks; or

☐      the parties shall file, within ___ days following the check-cashing deadline, an update from the Settlement Administrator indicating the number and percentage of uncashed checks and the parties' recommendation regarding a second distribution.  At that time,

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
U.S.D.C., N.D. Cal., No. 3:17-CV-03955-JD

1    the Court will determine whether to order a second distribution or order the uncashed

2    funds to a *cy pres* recipient.

3        Accordingly, the fees and expenses in administering the second distribution, in the amount of

4    $49,838, are fair and reasonable.  The Court hereby gives final approval to and orders that amount be

5    paid out of the Maximum Settlement Amount in accordance with the Settlement.

6        11.    The Court determines by separate order the request by plaintiffs and Class Counsel to the

7    Class Representative Payments and the Class Counsel Fees and Expenses Payment.

8        12.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all

9    matters relating to the interpretation, administration, implementation, effectuation and enforcement of

10   this order and the Settlement.

11       13.    Nothing in this order will preclude any action to enforce the parties' obligations under the

12   Settlement or under this order, including the requirement that Dollar Tree make payments to the Class

13   Members in accordance with the Settlement.

14       14.    Pursuant to the United States District Court, Northern District of California's Procedural

15   Guidance for Class Action Settlements, updated December 5, 2018, within 21 days after the distribution

16   of the Settlement Shares, the parties shall file with the Court, and post on the settlement website, a Post-

17   Distribution Accounting.

18       15.    Upon completion of administration of the Settlement, the Settlement Administrator will

19   provide written certification of such completion to the Court and counsel for the parties.

20       16.    Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit

21   valid elections not to participate are permanently barred from prosecuting against Dollar Tree, and its

22   parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its

23   employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related

24   persons and entities, and assigns, any of the claims released by them under the Settlement.

25       17.    The parties are hereby ordered to comply with the terms of the Settlement.

26       18.    The Court hereby enters final judgment in accordance with the terms of the Settlement

27   Agreement, the Order Re Preliminary Approval entered on December 19, 2018, and this order.

28       19.    This document will constitute a final judgment (and a separate document constituting the

judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel Fees and Expenses Payment.

IT IS SO ORDERED.

Dated: July ___, 2019.

_____
James Donato
United States District Judge

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
U.S.D.C., N.D. Cal., No. 3:17-CV-03955-JD

LEGAL_US_W # 98689932.1