UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOVELY NAKOOKA and ELVA REYES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC., and DOES 1-10, inclusive,<br><br>Defendants. | No. 3:17-cv-03955-JD<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT** |

After the parties resolved a variety of shortcomings in their initial request for preliminary approval of a classwide settlement, Dkt. No. 30, the Court granted preliminary approval to a revised settlement proposal in December 2018. Dkt. No. 44. That approval was based in part on representations about the amount of fees to be paid to the settlement administrator. The joint motion for final approval featured significantly higher fees for the administrator, with no good reason provided for the extra costs. Dkt. No. 47. Because the administrator fees looked excessive, the Court denied final approval, and asked the parties to reduce them to a more reasonable level and to provide a revised proposal for a second round of distributions to the class if warranted. Dkt. No. 48. The parties filed a supplemental memorandum stating that they had reached an agreement to reduce the administrator fees, and explaining how a second distribution round would happen. Dkt. No. 49.

The Court still has concerns about the amount of fees to be paid to the administrator. While they are no longer sky-high, they are still at the higher end of fees paid in comparable cases. Even so, the Court has concluded that they are just within the boundary of being acceptable, and will grant final approval based on the revised administrator fees set out in the supplemental memorandum.

Consequently, it is ordered:

1. Pursuant to the Order Re Preliminary Approval, the Class Notice was sent to each Class Member by first-class mail. The Class Notice directed the Class Members to PACER and the Settlement Administrator's website, where Class Members could review the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Not one Class Member filed a written objection to the proposed Settlement as part of this notice period or stated an intention to appear at the final approval hearing. One Class Member filed a written comment expressing a negative view of the case itself. Dkt. No. 45. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the

1. requirements of law and due process.

2. In addition to the notice to the Class, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Attorney General of the United States and the appropriate state official in each state in which a Class Member resides have been given notice of the Settlement. Pursuant to CAFA, not later than 10 days after the motion seeking preliminary approval of the Settlement was filed with the Court, Dollar Tree served upon the appropriate state official of each state in which a Class Member resides and the appropriate federal official a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Dollar Tree's notice of the Settlement met the statutory requirements of CAFA. Accordingly, 28 U.S.C. section 1715(e) has no application to the Settlement.

3. In addition to the CAFA notice, pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code § 2699(l)(2), the State of California's Labor Workforce Development Agency ("LWDA") has been given notice of the Settlement. Pursuant to PAGA, concurrent with the motion seeking preliminary approval of the Settlement being filed with the Court, Dollar Tree served upon the LWDA a notice of the Settlement consisting of: copies of the complaint in this action; a notice of the scheduled judicial hearings in this class action; copies of the Settlement Agreement, proposed notices of class action settlement and Class Members' right to request exclusion from the class; and the names of Class Members who reside in each state and the estimated proportionate share of the claims of Class Members in each state to the entire Settlement. The notice of Settlement also invited comment on the Settlement. The Court finds and determines that Dollar Tree's notice of the Settlement met the statutory requirements of PAGA. Accordingly, Cal. Lab. Code § 2699(l)(2) has no application to the Settlement.

4. For the reasons stated in the Order Re Preliminary Approval, the Court finds and determines that the proposed Class, as defined in the definitions section of the Settlement and

conditionally certified by the Order Re Preliminary Approval, meets the requirements for class certification, and it is ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

5. Although no objection per se was made to the terms of the Settlement, the Court has taken notice of the comment criticizing the case as a whole. For the sake of clarity, the Court finds that the comment does not warrant denial of final approval.

6. The Court finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member and that the Class Members who did not timely submit valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Order Re Preliminary Approval will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. The Court finds and determines that the Settlement Shares to be paid to the Class Members whose address was confirmed and who did not timely submit valid elections not to participate, as provided for by the Settlement, are fair and reasonable. The Court grants final approval to and orders that payment of those amounts be made to the Class Members who did not timely submit valid elections not to participate and whose addresses were confirmed out of the Net Settlement Amount in accordance with the Settlement.

8. The Court finds and determines that the LWDA Payment is fair and reasonable. The Court grants final approval to and orders that payment.

9. The Court finds and determines that the cost to administer the Settlement, in the amount of $113,000 for the first distribution, is fair and reasonable. The Court grants final approval to and orders that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

10. After the initial distribution is completed, the parties are directed to submit a joint proposal for a second distribution of the uncashed Settlement Shares, if warranted, and the balance of uncashed funds remaining after a second distribution. The Court determines that the cost of administering the second distribution, in the amount of $0.76 per check, is fair and reasonable. If a second distribution is approved, the cost of $0.76 per check shall be paid out of the Maximum

Settlement Amount in accordance with the Settlement.

11. The Court approves the revised costs to administer the settlement. *See* Dkt. No. 49.

12. The Court determines by separate order the request by plaintiffs and Class Counsel to the Class Representative Payments and the Class Counsel Fees and Expenses Payment. *See* Dkt. No. 48.

13. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

14. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Dollar Tree make payments to the Class Members in accordance with the Settlement.

15. Pursuant to the United States District Court, Northern District of California's Procedural Guidance for Class Action Settlements, updated December 5, 2018, within 21 days after the distribution of the Settlement Shares, the parties will file with the Court, and post on the settlement website, a Post-Distribution Accounting.

16. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

17. Pursuant to the Settlement, plaintiffs and all Class Members who did not timely submit valid elections not to participate are permanently barred from prosecuting against Dollar Tree, and its parents, predecessors, successors, subsidiaries, affiliates, joint ventures, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

18. The parties are ordered to comply with the terms of the Settlement.

19. The Court enters final judgment in accordance with the terms of the Settlement Agreement, the Order Re Preliminary Approval entered on December 19, 2018, and this order.

20. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's order granting the Class Counsel Fees and Expenses Payment.

IT IS SO ORDERED.

Dated: November 5, 2019

Hon. James Donato
United States District Judge